WINANS LAKE HILLS CORP. *v.* MOON.

WATERS AND WATERCOURSES—BOATING AND FISHING—ADVERSE USER—PERMISSIVE USE.

Evidence in suit by plaintiff owners of subaqueous lands to enjoin defendant abutting shore owners from using waters of private lake for boating and fishing purposes *held,* to show that such boating and fishing uses as defendants had theretofore enjoyed were by permission of plaintiffs or predecessors in title rather than adverse user.

Appeal from Livingston; Collins (Joseph H.), J. Submitted April 8, 1938. (Docket No. 67, Calendar No. 39,895.) Decided June 6, 1938. Rehearing denied October 3, 1938.

Bill by Winans Lake Hills Corporation and Lakeland Golf & Country Club, Michigan corporations, against Eva Moon and others to restrain use of Winans Lake for purposes other than to water stock, cut ice or for household use. Cross-bill by defendants against plaintiffs to obtain right to fish and use boats in Winans Lake and for an injunction. Decree for plaintiffs. Defendants appeal. Affirmed.

*Shields & Smith,* for plaintiffs.

*Dwyer & Dwyer,* for defendants.

POTTER, J. Plaintiffs filed a bill of complaint to restrain defendants from using the waters of Winans lake, located as described in the bill of complaint, for any other purposes except "the purpose of wa-

tering farm stock, cutting ice and drawing water for household use."

Defendants filed an answer and cross-bill in which they sought to establish their right to use the water of Winans lake for boating and fishing purposes and to permit others to use their boat or boats for such purposes, and to enjoin plaintiffs from interfering with such use.

Defendants alleged in their cross-bill of complaint defendants owned land on the south shore of the lake; and, if so, as riparian proprietors they might have the right to use the waters of the lake for the purposes claimed unless they, or their predecessors in title, had parted with such rights. But, during the progress of the trial, dispute arose as to whether defendants owned land on the south side of the lake. A survey was made and the cross-bill of complaint amended. The trial court filed an opinion therein, which we adopt, as follows:

"The plaintiffs' bill of complaint was filed for the purpose of obtaining a permanent injunction restraining the defendants or any of them, or any of their agents from using the waters of Winans lake for boating or fishing, inasmuch as none of the defendants own any of the land flowed by the waters of the lake, as the predecessors in title to Eva Moon, now owner of the abutting land had on April 30, 1888, by a warranty deed duly recorded before the Moons in connection with the land, or any title vested in them, conveyed away all that portion of the description of land now owned by defendant Eva Moon, which was flowed by the waters of Pleasant lake at high water mark, except a reservation to the grantors in said deed to themselves and their assigns of the right to use the waters of the lake for the purpose of watering farm stock, cutting ice, and drawing water for household use.

"It is the claim of the plaintiffs that Eva Moon, as well as the other two defendants, being her sons, have had for themselves for some years a permissive use of the lake for boating and fishing, but because of their continuous renting of their boat to strangers to be used for fishing on the lake, said permission has been revoked, and that therefore they are entitled to the relief asked.

"As a matter of defense to the claims of plaintiffs the defendants first assert that Eva Moon and her husband Fred E. Moon when they acquired their premises by warranty deed in 1898 also acquired title to hard land on the southerly side of said lake, which title by subsequent conveyance now vests in Eva Moon, and that Eva Moon had and has the right to use a boat on the waters of the lake as a right of way by necessity to travel to her land on both sides of the lake. However, this claim had been abandoned by the defendants and the sole claim now made by the defendants to their use of the lake, as charged by plaintiffs, which they admit, is stated in the words of counsel for defendants in their brief: 'The defendants' claim is that they have acquired the right to use the waters of Winans lake for boating and fishing in the same manner as an abutting property owner, and that this right has been acquired by prescription or by estoppel and is appurtenant to the land on the northwesterly shore of the lake owned by Mrs. Eva Moon.'

"The waters of Winans lake and the usage thereof has been in litigation before and we find the Supreme Court of this State in *Winans* v. *Willetts,* 197 Mich. 512, saying: 'That the lake is not a public, navigable body of water, and is a privately owned pond,' which language was quoted with approval in another case involving this lake by the Supreme Court in the case of *Pleasant Lake Hills Corp.* v. *Eppinger,* 235 Mich. 174. Both of these cases were appeals from this court in which the lower court was affirmed, but the

question of prescriptive right to use the waters of the lake for boating and fishing raised by the defendants here was in neither the *Willetts* or the *Eppinger Case*.

"Here we have then a private lake or pond that the defendants, because of adverse user of its waters, now claim as a matter of law the right to continue such use, although the land now owned by the defendant Eva Moon was purchased subject to the reservation only of the use of the lake's water for watering stock, cutting ice and drawing water necessary for household uses.

"The court has considered the testimony given, as well as the able briefs of counsel, and is of the opinion that the evidence does not show the legal elements necessary to establish an adverse user of the lake's waters by defendants for boating and fishing, but rather the court is inclined to the opinion that such use of the lake made by the defendants was by permission of the plaintiffs and their predecessors in title.

"A permanent injunction may issue as prayed for in plaintiffs' bill restraining the defendants from using the lake's water for boating or fishing, unless permission thereof is given by the plaintiffs. The cross-bill of the defendants is dismissed. No costs will be recovered by the plaintiffs."

Decree affirmed, with costs of this court.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred.